# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JESSICA ABRAMS, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>F&H FOOD TRADING GROUP, INC. d/b/a Little Alley Steakhouse and HICHAM AZHARI, Jointly and Severally,<br><br>Defendants. | Case No. |

## COMPLAINT

Plaintiff Jessica Abrams (hereinafter "Abrams"), individually and on behalf of all others similarly situated, brings this Complaint against Defendants F&H Food Trading Group, Inc. (hereinafter "F&H") and Hicham Azhari (hereinafter "Azhari") (collectively "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.

This is a collective action arising under the Fair Labor Standards Act of 1938,

1

as amended, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") to address Defendants' failure to pay Plaintiff and all similarly situated employees an FLSA overtime premium for work in excess of forty hours a week.

2.

Defendants operates restaurant in Atlanta, Georgia and the surrounding area under the trade name of Little Alley Steakhouse ("Little Alley").

3.

Defendants employed Plaintiff as a server at their Little Alley restaurant in Atlanta from in or about May 2018 through approximately September 12, 2021.

4.

Defendants failed to pay Plaintiff at one and one half time her regular rate for time worked in excess of 40 hours in any work week.

5.

Plaintiff brings this action on behalf of herself, and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the FLSA and supporting regulations.

## JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

8.

This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

9.

Abrams is a natural person individual residing in Fulton County, Georgia.

**Defendants:**

10.

F & H is an active domestic for profit corporation formed and operating in the State of Georgia.

11.

F & H is subject to the jurisdiction of this Court.

12.

F & H may be served with process through its registered agent, Errol Dwight Samuels at 2799 Lawrenceville Highway, Suite 202, Decatur, Georgia 30033.

13.

At all times material hereto, F & H was an "employer" of Abrams within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

14.

Azhari is a natural person residing in Fulton County, Georgia.

15.

Azhari is the Chief Executive Officer of F & H.

16.

Azhari is subject to the personal jurisdiction of this Court.

17.

Azhari may be served with process at 4690 Canyon Creek Trail, Sandy Springs, Georgia or wherever he may be located.

18.

At all times during the three (3) years immediately preceding the date of filing of this Complaint (the "Relevant Time Period") Azhari participated in the day-to-day operations of F & H.

19.

Throughout the Relevant Time Period, Azhari had authority to make business decisions on behalf of F & H.

20.

Throughout the Relevant Time Period, Azhari exercised operational control over Abrams' work activities.

21.

Throughout the Relevant Time Period, Azhari managed the day-to-day

operation of the Little Alley restaurant in Atlanta.

22.

Throughout the Relevant Time Period, F & H vested Azhari with supervisory authority over Abrams.

23.

Throughout the Relevant Time Period, Azhari exercised supervisory authority over Abrams.

24.

Throughout the Relevant Time Period, Azhari scheduled Abrams' working hours or supervised the scheduling of Abrams' working hours.

25.

Throughout the Relevant Time Period, Azhari exercised authority and supervision over Abrams' compensation.

26.

Throughout the Relevant Time Period, Azhari had authority to hire employees on behalf of F & H.

27.

Throughout the Relevant Time Period, Azhari had authority to terminate employees of F & H.

28.

Throughout the Relevant Time Period, Azhari had authority to discipline employees of F & H.

29.

Throughout the Relevant Time Period, Azhari has been an "employer" of Abrams within the meaning of FLSA § 3(d), 29 U.S.C. §203(d) and the regulations promulgated under 29 C.F.R. § 791.2.

## ENTERPRISE COVERAGE

30.

During 2020, F & H had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

31.

During the year 2021, F & H had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

32.

Throughout the Relevant Time Period, Defendants have employed persons as servers, at its Little Alley restaurants including Plaintiff, who handled, sold, or otherwise worked on goods or materials that were moved in or produced for commerce, in the furtherance of the commercial purpose of F & H, including, but not limited to, wine, beer, liquor and other alcoholic products; food and food service items; computers; cash registers; credit card machines; table ware, and office supplies.

33.

Throughout the Relevant Time Period, F & H has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i) and (ii) and (s)(1)(B).

34.

Throughout 2020, F & H employed two or more persons who were "engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

35.

Throughout 2021, F & H employed two or more persons who were "engaged

in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

36.

Throughout 2020, F & H Food employed two or more persons who handled, sold or otherwise worked on goods or materials that were moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

37.

During 2021, F & H Food had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

38.

At all times material hereto, F & H Food was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## STATEMENT OF FACTS

39.

Defendants employed Abrams as a server at their Little Alley restaurant in Atlanta from approximately May 2018 through September 12, 2021.

9

40.

As a server, Abrams' job duties included: taking food and drink orders from Defendants' customers and cleaning.

41.

Throughout the Relevant Time Period, Defendants compensated Abrams' at a regular hourly rate of the FLSA minimum wage ($7.25) less an FLSA tip credit of up to $5.12 per hour.

42.

Throughout the Relevant Time Period, Abrams often worked more than forty hours in a work week.

43.

Throughout the Relevant Time Period, Defendants paid Abrams at straight time for all hours worked.

44.

FLSA § 7, 29 U.S.C. § 207, requires that Defendants compensate Abrams at a rate of one–and–one–half times her regular rate for all time worked in excess of forty (40) hours in a work week.

45.

Throughout the Relevant Time Period, Defendants failed to pay Plaintiff at one and half times of her regular rate for time worked in excess of forty hours in a week.

46.

Throughout the Relevant Time Period, Defendants willfully failed to pay Plaintiff at one and half times of her regular rate for time worked in excess of forty hours in a week.

47.

Defendants knew or should have known that the FLSA § 7 requires that Defendants pay Abrams at a rate of one–and–one–half times her regular rate for all time worked in excess of forty (40) hours in a work week.

48.

Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff was exempt from the Maximum Hours requirements of the FLSA.

# FLSA COLLECTIVE ACTION ALLEGATIONS

49.

Pursuant to 29 U.S.C. §§ 207 & 216(b), Abrams brings this action as a collective action under the FLSA, on behalf of herself and the following collective:

> All persons who Defendants employed as servers, bussers, bartenders, cooks, or dishwashers at Little Alley restaurants in Georgia, (the "Collective Action Members") who worked more than forty hours in any work week from February 10, 2020 to February 9, 2023 (the "Collective Action Period"), (the "Collective Action Members").

50.

Defendants failed to pay the Collective Action Members at one and half times of their regular rate for time worked in excess of forty hours in a week.

51.

Defendants willfully failed to pay the Collective Action Members at one and half times of their regular rate for time worked in excess of forty hours in a week.

52.

Throughout the Relevant Time Period, Defendants maintained and operated under a policy of failing to pay an overtime premium for work performed in excess of 40 hours per week.

53.

Throughout the Relevant Time Period, Defendants had a policy of failing to pay an overtime premium for work performed in excess of 40 hours per week is unlawful.

54.

Abrams and the Collective Action Members were all subjected to Defendants' policy of failing to pay an overtime premium for work performed in excess of 40 hours per week.

55.

Abrams and the Collective Action Members are similarly situated.

56.

The exact number of employees who have suffered the same unpaid overtime wage injury as Abrams is unknown at this time.

**CAUSE OF ACTION**
**UNPAID OVERTIME**

57.

The allegations in paragraphs 1-56 above are incorporated by reference as if

stated verbatim herein.

58.

Abrams and the Collective Action Members are entitled to payment of due but unpaid overtime from Defendants, jointly and severally, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

59.

As a result of the underpayment of overtime compensation as alleged above, Abrams and the Collective Action Members are entitled to liquidated damages from Defendants, jointly and severally, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

60.

As a result of the underpayment of overtime compensation as alleged above, Abrams and the Collective Action Members are entitled to her litigation costs, including her reasonable attorneys' fees, jointly and severally, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Abrams respectfully requests that this Court grant the following relief:

(a) An order tolling the relevant statutes of limitations;

(b) An order certifying this action as an FLSA Collective Action;

(c) A trial by jury as to all matters properly triable to a jury;

(d) An award of due but unpaid overtime wages to Abrams and the Collective Action Members from Defendants, jointly and severally;

(e) An award of liquidated damages to Abrams and the Collective Action Members from Defendants jointly and severally;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses of this action together with Plaintiff reasonable attorneys' fees;

(h) An award of nominal damages; and

(i) Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Abrams demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted,

|  |  |
|---|---|
| | **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC** |
| | |
| | */s/ KEVIN D. FITZPATRICK, JR.* |
| 101 MARIETTA STREET, NW | KEVIN D. FITZPATRICK. JR. |
| SUITE 2650 | GA. BAR NO. 262375 |
| ATLANTA, GEORGIA 30303 | |
| (404) 979-3150 | */s/CHARLES R. BRIDGERS* |
| (404) 979-3170 (f) | CHARLES R. BRIDGERS |
| kevin.fitzpatrick@dcbflegal.com | GA. BAR NO. 080791 |
| charlesbridgers@dcbflegal.com | |
| | COUNSEL FOR PLAINTIFF |